# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

GERALD S. MACK,

        Defendant.

1:14-cr-00067-WSD

## OPINION AND ORDER

This matter is before the Court on Defendant Gerald S. Mack's ("Defendant") *pro se* Motion for Sentence Reduction [32] and Motion to Set Payment [33].

## I. BACKGROUND

On August 21, 2014, Defendant was sentenced to ninety (90) months imprisonment with three (3) years of supervised release, after pleading guilty to one count of Theft of Government Funds, in violation of 18 U.S.C. §§ 641 and 2, and one count of Aggravated Identity Theft, in violation of 18 U.S.C. §§ 1028A(a)(1) and 2. ([9], Judgment [12]). The Court ordered that Defendant "shall make restitution in the amount of $315,315.72, jointly and severally with any defendant later determined to be related to the scheme, to the victim, Wells Fargo Bank, N.A." (Judgment at 5). The Court included in the Judgment that

> Restitution is due and payable immediately.  **The defendant shall make restitution payments from any wages he may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program**.  If restitution is not paid in full at the time of the defendant's release, payment shall become a condition of supervised release to be paid at a monthly rate of at least $150.00, plus 25% of gross income in excess of $2,300.00 per month.

(Judgment at 5 (emphasis added)).  Defendant did appeal his sentence or conviction.

On December 23, 2015, the Court, pursuant to a motion under Rule 35 of the Federal Rules of Criminal Procedure, reduced Defendant's custodial sentence to seventy-eight (78) months.

On May 16, 2017,[1] Defendant filed his Motion for Sentence Reduction.  In it, Defendant requests that the Court reduce his sentence because he has been diagnosed with leukemia and is currently undergoing intensive treatment.  Defendant further requests a reduction pursuant to the United States District Court for the Eastern District of New York's decision in United States v. Holloway, 68 F.

---

[1] "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014) (internal quotation marks omitted) (quoting United States v. Glover 686 F.3d 1203, 1205 (11th Cir. 2012)), cert. denied, 135 S. Ct. 241 (2014).  Absent evidence to the contrary, the Court assumes the motion was delivered to prison authorities on the day the prisoner signed it. Washington v. United States, 243 F.3d 1301, 1301 (11th Cir. 2001).

Supp. 3d 310 (E.D.N.Y. 2014).

On May 31, 2017, Defendant filed his Motion to Set Payment. In it, Defendant requests a reduction in his "quarterly" payment toward restitution, under the Bureau of Prisons ("BOP") Financial Responsibility Program. Defendant states that his counselor increased his quarterly payment from $25.00 to $168.00 per quarter. Defendant requests that his payment be returned to the $25.00 per quarter amount he previously was required to pay.

## II. DISCUSSION

### A. Reduction of Sentence

The Court is permitted to modify a term of imprisonment, after it has been imposed, only where expressly permitted by 18 U.S.C. § 3582 ("Section 3582"). United States v. Phillips, 597 F.3d 1190, 1194–95 (11th Cir. 2010). The Court lacks "inherent power" to re-sentence a defendant. Id. at 1196–97.

Section 3582 authorizes the modification of a sentence

> (1) where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements; (2) where another statute or Federal Rule of Criminal Procedure 35[2] expressly permits a sentence modification; or (3) where

---

[2] Rule 35 authorizes a sentence modification "[w]ithin 14 days after sentencing" to correct "arithmetical, technical, or other clear error" or, on the

3

> a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met.

Id. at 1195 (internal citation omitted) (citing 18 U.S.C. § 3582(c)).

Defendant is not entitled to a sentence reduction. The BOP has not filed a motion for sentence reduction,[3] there is no statute under which Defendant qualifies for relief, Defendant's motion was filed outside the 14-day window set by Rule 35 of the Federal Rules of Criminal Procedure, and Defendant does not allege that his Sentencing Guidelines range for his offenses has been lowered and retroactively applied. Holloway does not authorize the Court to reduce Defendant's sentence, including because the United States in this case does not consent to Defendant's motion and does not indicate that his conviction should be vacated. Defendant's Motion for Sentence Reduction is required to be denied.

---

government's motion, to account for certain "substantial assistance." Fed. R. Crim. P. 35(a)–(b).

[3] 18 U.S.C. § 3582(c)(1)(A) provides that "the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with our without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section [18 U.S.C.] 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction. . . ."

B.     Restitution Payment

The Court ordered that "[t]he defendant shall make restitution payments from any wages he may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program." (Judgment at 5). This program is operated by the BOP to assist inmates in meeting their court-ordered financial obligations. A prisoner may "seek formal review of an issue relating to any aspect of his/her own confinement," including the Financial Responsibility Program, through the BOP's Administrative Remedy Program. See 28 C.F.R. § 542.10 et seq. A prisoner is required to exhaust his administrative remedies before he can challenge the execution of the Financial Responsibility Program in a federal district court. See Fleming v. Warden of FCI Tallahassee, 2015 WL 1310050 (N.D. Fla. Mar 24, 2015), aff'd, 631 F. App'x 840 (11th Cir. 2015) (The court dismissed a federal habeas action for failure to exhaust administrative remedies where prisoner alleged that the BOP was illegally collecting money from her under the Financial Responsibility Program); Williams v. Pearson, 197 F. App'x 872, 876 (11th Cir. 2006) (Proper method for prisoner to challenge the execution of the Financial Responsibility Program is through a federal habeas action under 28 U.S.C. § 2241); Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) ("[P]risoners seeking habeas relief, including relief pursuant to § 2241, are subject to

5

administrative exhaustion requirements.").

Defendant does not show that he exhausted his administrative remedies through the BOP regarding this payment dispute. In fact, Defendant does not show any attempt to resolve this payment dispute with his counselor or any BOP officials. The Court denies Defendant's Motion to Set Payment Schedule for failure to exhaust administrative remedies.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's *pro se* Motion for Sentence Reduction [32] and Motion to Set Payment [33] are **DENIED**.


**SO ORDERED** this 16th day of June, 2017.


*[signature]*
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE